IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.: 6:24-cv-01857-WWB-DCI

MARK AUSSIEKER, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

SUNSHINE CONSULTATION
SERVICES, LLC,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Sunshine Consultation Services, LLC ("Defendant"), by and through its counsel of record, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Mark Aussieker's ("Plaintiff") class complaint, ECF No. [1] (the "Complaint"), as follows:

**NATURE OF ACTION**

1. Denied. Defendant denies the allegations in this paragraph because they consist of legal conclusions and characterizations and, further, describe the Telephone Consumer Protection Act of 1991 (the "TCPA") and attendant implementing regulations, all to which no response is required. Moreover, the complete TCPA statute and implementing regulations speak for themselves, as does the opinion provided by the Fourth Circuit Court of Appeals in *Krakauer v. Dish Network L.L.C.*, 925 F.3d 643, 649–50 (4th Cir. 2019).

2. Denied. The allegations of this paragraph amount to a legal conclusion to which no response is required.

1

3. Denied. The allegations of this paragraph pertaining to purported entitlement to damages and alleged use of call-making technology amount to legal conclusions, statements, and characterizations to which no response is required. Defendant specifically denies that class treatment is warranted or appropriate with respect to this lawsuit and denies that a class action is the best means of obtaining redress to the purported class.

## PARTIES

4. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the same.

5. Admitted only that Defendant is a Florida Limited Liability Company. Otherwise, denied.

## JURISDICTION AND VENUE

6. Defendant admits this Court has subject matter jurisdiction over federal claims brought under the TCPA.

7. Defendant admits it is subject to the general jurisdiction of this Court.

8. Denied.

## TCPA BACKGROUND

9. Denied. To the extent this paragraph purports to evidence Congress's motivations for enacting the TCPA, the complete statute and any attendant committee notes speak for themselves.

10. Denied. To the extent this paragraph purports to provide excerpts from the TCPA, the complete statute speaks for itself.

11. Denied. To the extent this paragraph purports to provide excerpts from the

implementing regulations of the TCPA, those regulations speak for themselves.

      12.     Denied. To the extent this paragraph purports to provide excerpts from the implementing regulations of the TCPA, those regulations speak for themselves.

      13.     Denied. To the extent this paragraph purports to provide excerpts from the TCPA and its implementing regulations, the complete statute and implementing regulations speak for themselves.

## **FACTUAL ALLEGATIONS**

      14.     Denied. The allegations of this paragraph amount to a legal conclusion to which no response is required.

      15.     Admitted in part. Defendant admits that, among other services, it provides debt resolution services to qualified and interested clients. Unless otherwise admitted, Defendant denies the allegations in this paragraph as stated.

      16.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the same.

      17.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the same.

      18.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore deny the same.

      19.     Denied.

      20.     Denied.

      21.     Denied.

      22.     Admitted in part and denied in part. Admitted only that Plaintiff spoke with an employee of Defendant whose first name is Sydney. Otherwise, denied.

23. Admitted in part and denied in part. Admitted only that Sydney informed Plaintiff that he would need to speak with a project manager to effectuate services that Plaintiff requested from Defendant. Otherwise, denied.

24. Admitted in part and denied in part. Admitted only that Plaintiff ended the call after consenting to be called back. Otherwise, denied.

25. Denied.

26. Admitted.

27. Denied.

## **CLASS ACTION ALLEGATIONS**

28. Denied. The allegations of this paragraph amount to legal statements and characterizations to which no response is required.

29. Denied. The allegations of this paragraph amount to legal statements and characterizations to which no response is required.

30. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

31. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the same.

32. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

33. Admitted in part and denied in part. Admitted that the Complaint purports to seek injunctive relief and monetary damages. Otherwise, denied.

34. Denied.

35. Denied.

36. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

37. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

38. Denied.

39. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

40. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the same.

41. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

42. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

### COUNT I
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

43. Defendant incorporates its foregoing answers to Paragraphs 1 through 42 as if fully set forth herein.

44. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

45. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

46. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

47. Denied. The allegations of this paragraph amount to legal conclusions, statements, and characterizations to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff and the putative class are entitled to any of the relief sought in this Prayer for Relief.

## JURY DEMAND

Plaintiff's jury trial demand is not an allegation and does not require a response from Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts, intends to rely upon, and otherwise preserves the following affirmative and legal defenses in response to the claims and allegations set forth in the Complaint and respectfully reserves the right to assert other defenses if facts learned in discovery warrant such amendment. Accordingly, Defendant asserts as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to allege facts sufficient to state any cause of action against Defendant. First, Defendant did not engage in the use of an automatic dialing system or playing of a recorded message. Second, any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct. Third, the Complaint fails to state a claim for injunctive relief because Plaintiff alleges an adequate remedy at law, *inter alia*, the statutory penalties or monetary compensation for actual damages incorporated in the statutes comprising TCPA and, further, fails to allege the risk of a future, ongoing harm. Fourth, all claims are barred in whole or in part because Defendant has substantially complied with the requirements of the TCPA by, *inter alia*, establishing

6

and implementing reasonable practices and procedures to prevent and immediately cure any violations of the TCPA, thereby entitling Defendant to the "safe harbor" protections of 47 U.S.C. § 227(c)(5)(c). Fifth, any Do-Not-Call-related claims brought in the Complaint fail to the extent Plaintiff or any putative class member did not receive more than one telephone call within any 12-month period by or on behalf of Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (No Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, under *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Comply with Rule 23 of the Federal Rules of Civil Procedure)

The Complaint fails to satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure and, therefore, cannot permit Plaintiff maintain this action as a class action, including, but not limited to, (i) individualized inquiries overshadowing common issues necessary to establish predominance; (ii) the presence of individualized consent issues undermining commonality; (iii) the differing experiences of the named Plaintiff from the alleged putative classes, thereby undercutting typicality; and (iv) the potential for individualized determinations making the management of an TCPA class action complex and unwieldy.

**FOURTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of acquiescence to the extent the calls at issue were made with prior express permission or consent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of waiver to the extent the calls at issue were made with prior express permission or consent, thereby indicating free and intentional desertion of a known right.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff and the putative class members are barred from seeking injunctive relief by the doctrine of unclean hands to the extent that Plaintiff and any putative class members deceptively or unfairly concealed their inclusion on any pertinent Do Not Call registries.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of laches, in that Plaintiff and the putative class members were dilatory in asserting their rights by initiating the above-styled action.

## **EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by failing to mitigate their damages through a failure to exercise ordinary and reasonable care.

## **NINTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

Defendant at all times has acted in good faith and without malice. To the extent there was any violation of the TCPA (which Defendant denies), such violation(s) were not knowing and willful.

## **TENTH AFFIRMATIVE DEFENSE**
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff, for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged.

## **ELEVENTH AFFIRMATIVE DEFENSE**
**(No Authorization to Make Calls)**

Defendant is not liable to the extent the alleged subject calls were not made by Defendant nor authorized to be made on its behalf.

## **TWELFTH AFFIRMATIVE DEFENSE**
**(Residential Number)**

Plaintiff's and the putative class members' claim are barred to the extent any phone number allegedly contacted are not residential.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

Defendant is not liable to Plaintiff or the putative class members because it acted reasonably and with due care and substantially complied with the requirements of the TCPA and any attendant laws and regulations thereto.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's and the class members' claims are barred in whole or in part because, to the extent any violation of the TCPA occurred, any such violation was unintentional and resulted from bona fide error.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No "Call")

Defendant did not "make any call" to Plaintiff or the putative class members, as that term is used in the TCPA, unless prior express consent was provided.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Established or Existing Business Relationship)

Plaintiff's and the putative class members' claims are barred in whole or in part by Plaintiff's or the putative class members' established business relationships with Defendant, to the extent one exists or existed during the relevant time period.

**JIMERSON BIRR, P.A.**

_____
Brandon C. Meadows
Florida Bar No. 114246
bmeadows@jimersonfirm.com
Ty D. Robare
Florida Bar No. 1054101
trobare@jimersonfirm.com
One Independent Drive, Suite 1400
Jacksonville, FL 32202
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
dorothyo@jimersonfirm.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 17th day of December, 2024, via CM/ECF and was served this day on all counsel and all parties entitled to notice on the service list for this action.

_____
Attorney

11